IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JEFFREY OLSZOWKA, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VILLAGE OF CHICAGO RIDGE,<br><br>    Defendant. | Hon. John A. Nordberg<br><br>Magistrate Judge Susan E. Cox<br><br>Case. 07 CV 6115 |

**DEFENDANT VILLAGE OF CHICAGO RIDGE'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

Defendant Village of Chicago Ridge ("Village"), by its undersigned attorneys, hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, the Village submits its accompanying Memorandum and states as follows:

<u>Dismissal Is Appropriate Pursuant to Rule 12(b)(1).</u>

1. Plaintiff bases his claims on allegations that his attorney paid the Village $15 for an accident report from the Village police department rather than $5, purportedly in violation of an Illinois state statute, 625 ILCS 5/11-416.

2. Plaintiff asserts four claims against the Village: (1) a civil rights count under 42 U.S.C. §1983; (2) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2); (3) a claim for unjust enrichment; and (4) a claim for *ultra vires*. None of these claims withstands scrutiny, and the Complaint should be dismissed in its entirety.

Dismissal Is Appropriate Pursuant to Rule 12(b)(1).

    3.    First, Plaintiff lacks standing to pursue these claims as there is no allegation that Plaintiff himself ever paid any fee charged by the Village, thereby warranting dismissal of the entire Complaint.

Dismissal Is Appropriate Pursuant to Rule 12(b)(6).

    4.    Second, Plaintiff's 42 U.S.C. §1983 claim (Count I) based on an alleged violation of state law cannot stand.  *See, e.g., McKinney v. George*, 556 F. Supp. 645, 651 (N.D. Ill. 1983), aff'd 726 F.2d 1183 (7th Cir. 1984).  In addition, Plaintiff never alleges that the $15 charge was officially adopted by the Village's governing board, an allegation necessary to sustain a §1983 claim.

    5.    Third, the dismissal of Count I, the only federal claim, warrants dismissal of the remaining pendent state law claims.

    6.    Fourth, municipalities cannot be liable under the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count II), requiring dismissal of that count.  *See Bd. of Ed. of City of Chicago v. A,C&S, Inc.*, 131 Ill. 2d 428, 468-69 (1989); *DuPage Aviation Corp. v. DuPage Airport Authority*, 229 Ill. App. 3d  793, 805 (2d Dist. 1992).

    7.    Fifth, Plaintiff cannot sustain a claim for unjust enrichment (Count III) because the Village has not unjustly retained a benefit to the [Plaintiff's] detriment," and nor has the Village retained any benefit that "violates fundamental principles of justice, equity and good conscience."  *Firemen's Annuity & Benefit Fund of the City of Chicago v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund of Chicago*, 219 Ill. App. 3d 707, 712 (1st Dist. 1991).

8.　Sixth, there is no claim for *ultra vires* (Count IV) because there is no allegation that the Village's Board of Trustees officially entered into a contract with Plaintiff and, by so doing, acted outside of its authority.  An act of one employee, and not an official act taken by the Board of Trustees, is insufficient to state a claim for *ultra vires*.  *See, e.g., Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 101 (1st Dist. 2005); *McMahon v. City of Chicago*, 339 Ill. App. 3d 41, 48 (1st Dist. 2003).

9.　For these reasons, and the reasons stated in the accompanying Memorandum in Support of this Motion, the Complaint should be dismissed in its entirety.

WHEREFORE, Defendant Village of Chicago Ridge respectfully requests that the Court dismiss with prejudice the Complaint in its entirety, award the Village it costs and fees, and grant any other just relief.

Dated: January 4, 2008　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　VILLAGE OF CHICAGO RIDGE,


　　　　　　　　　　　　　　　　　　　　　　　By:  　/s/ Bevin M. Brennan　
　　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Francis A. Citera
Mark J. McCombs
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## **CERTIFICATE OF SERVICE**

      I, Bevin M. Brennan, hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Lance A. Raphael
      Stacy M. Bardo
      Allison A. Krumhorn
      The Consumer Advocacy Center, P.C.
      180 West Washington, Suite 700
      Chicago IL, 60602
      E-mails:    lance@caclawyers.com
                    stacy@caclawyers.com
                    allison@caclawyers.com

      Aron D. Robinson
      Law Office of Aron D. Robinson
      19 South LaSalle Street
      Suite 1300
      Chicago, IL 60603
      E-mail:    adroblaw@aol.com

                                                    /s/ Bevin M. Brennan