IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JEFFREY OLSZOWKA, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF CHICAGO RIDGE, <br><br> Defendant. | Hon. John A. Nordberg <br><br> Magistrate Judge Susan E. Cox <br><br> Case. 07 CV 6115 |

**DEFENDANT VILLAGE OF CHICAGO RIDGE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO <u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

In an apparent effort to create the proverbial "federal case" out of something very minor, plaintiff Jeffrey Olszowka ("Plaintiff") has filed a putative class action based on a fee charged to his attorneys to obtain an accident report from the Defendant Village of Chicago Ridge ("Village"). Plaintiff lacks standing to pursue any claims against the Village and fails to state any cause of action against the Village. The Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**Background**

According to Plaintiff, his attorney requested a copy of an accident report from the Village police department for use in a personal injury lawsuit. (Compl. ¶ 6.) Plaintiff's attorney enclosed a check for five dollars. (*Id.*) In response to the request made by the Law Offices of Michael P. McCready, P.C., the Village responded:

> Enclosed is your check for $5.00. The amount due for a police report is $15.00. Please remit a check in that amount and upon receipt of your check I will forward the report to you.

(*Id.* Ex. A.)

Plaintiff does not allege that he or his attorneys ever discussed, orally or in writing, the $15 charge with anybody from the Village. Instead, Plaintiff's attorney paid the Village $15 to obtain the requested report. (*Id.* ¶ 8 and Ex. B.)

Plaintiff contends that pursuant to 625 ILCS 5/11-416, the $15 charge is three times the legal amount that can be charged for an accident report. (*Id.* ¶ 7.) Plaintiff's attorney most certainly believed that the Village could only charge $5 for the report when he paid the $15 for the report, as he wrote on the endorsement portion of the check, "paid under protest - all rights reserved." (*Id.* Ex. B.) Rather than addressing this issue with the Village at the time, either orally or in writing, Plaintiff instead chose to file this lawsuit, apparently in hopes of making some sort of windfall as a purported class action representative.

Plaintiff asserts four claims against the Village: (1) a civil rights count under 42 U.S.C. §1983; (2) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2); (3) a claim for unjust enrichment; and (4) a claim for *ultra vires*. None of these claims withstands scrutiny, and the Complaint should be dismissed in its entirety.

## Argument

Dismissal for failure to state a claim is proper under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). To withstand dismissal, the plaintiff must allege all of the elements necessary to recover on his claim. *See Xydakis v. Target, Inc.*, 333 F. Supp.2d 683, 685 (N.D. Ill. 2004). The plaintiff "must allege sufficient facts to outline the cause of action, proof of which is essential to recovery."

*Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985).  The court should accept the factual allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *See Brown v. Buds*, 398 F.3d 904, 908 (7th Cir. 2005).  The court's consideration, however, should generally be confined to the allegations of the complaint.  *See Centers*, 398 F.3d at 933.  The court is not required to accept the plaintiff's legal conclusions.  *See Panaras v. Liquid Carbonic Industries, Corp.*, 74 F.3d 786, 791-92 (7th Cir. 1996).  Likewise, the court is not required to accept the plaintiff's factual inferences to the extent that they are not supported by the factual allegations of the complaint.  *See EEOC v. Sears, Roebuck & Co.*, 857 F. Supp. 1233, 1236 (N.D. Ill. 1994).

The standard for dismissal under Rule 12(b)(1) is similar to the standard under Rule 12(b)(6).  *See Rodriguez v. Roofers Local 11*, No. 03 C 3199, 2003 WL 22176081, at *2 n.1 (N.D. Ill. Sept. 15, 2003).  A motion to dismiss pursuant to Rule 12(b)(1) should be addressed before any Rule 12(b)(6) challenges.  *Id.*, at *1.  A motion to dismiss based on lack of standing is properly brought pursuant to Rule 12(b)(1).  *See, e.g., T&B Ltd. v. City of Chicago*, 369 F. Supp. 2d 989, 992 (N.D. Ill. 2005); *Polish American Congress v. City of Chicago*, 211 F. Supp. 2d 1098, 1102 (N.D. Ill. 2002).

Plaintiff's Complaint should be dismissed in its entirety.  Plaintiff does not have standing to pursue any of these claims.  Nor can Plaintiff state a federal civil rights claim based on an alleged violation of state law.  As the federal civil rights claim is the only basis for jurisdiction in this Court, dismissal of this claim warrants dismissal of the three other counts.  And even if the Court addresses the state law claims in Counts II - IV, they do not state claims under applicable Illinois law.

**I.      PLAINTIFF LACKS STANDING TO PURSUE ANY OF THESE CLAIMS.**

"The question of standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Allstate Ins. Co. v. City of Chicago*, No. 02 C 5456, 2003 WL 1877670, at *3 (N.D. Ill. Apr. 14, 2003), quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In order for a plaintiff to have standing, there must be a case or controversy between the plaintiff and defendant. *Id.* In deciding a Rule 12(b)(1) motion, "the court accepts as true the factual allegations of the complaint, construes the complaint in favor of the plaintiff, and considers whether relief is possible under any set of facts that could be established consistent with the complaint." *Potts v. United Parcel Service, Inc.*, No. 06 C 4766, 2007 WL 551555, at *2 (N.D. Ill. Feb. 15, 2007) (citations omitted). Once challenged, however, Plaintiff bears the "burden of establishing the required elements of standing" and must support standing with "competent proof." *Allstate Ins.*, 2003 WL 1877670, at *3. That is, plaintiff must make "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists." *Id.*, quoting *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

Plaintiff must establish three elements to establish standing: (1) that he suffered an injury in fact; (2) a causal connection between that injury and the alleged conduct; and (3) that it is likely (and not merely speculative) that the injury will be redressed by a favorable decision. *Polish American Congress*, 211 F. Supp. 2d at 1102-03, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Inherent in establishing standing is that a plaintiff must pursue her own legal rights and cannot base a claim for relief upon the rights of third parties." *Potts*, 2007 WL 551555, at *2, citing *Sanner v. Bd. of Trade*, 62 F.3d 918, 922 (7th Cir. 1995).

Plaintiff never alleges that he actually paid the $15 fee. The exhibit attached to the Complaint shows that The Law Offices of Michael P. McCready paid the Village $15. There is no allegation that Plaintiff ever reimbursed The Law Offices of Michael P. McCready. In fact, there are no allegations that Plaintiff himself had any interaction whatsoever with the Village. Thus, there are no allegations that Plaintiff suffered any "injury in fact." Because Plaintiff was not charged anything by the Village, nor did he remit any payment, Plaintiff lacks standing to pursue any claims based on an alleged overcharge by the Village.[1]

## II.   PLAINTIFF CANNOT STATE A CLAIM UNDER 42 U.S.C. §1983.

### A.   An Alleged Violation of 625 ILCS 5/11-416 Cannot Provide the Basis for a 42 U.S.C. § 1983 Claim.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "(i) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *Ray v. O'Malley*, No. 98 C 6701, 1999 WL 104160, at *2 (N.D. Ill. Feb. 24, 1999), citing *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). "Although §1983 claims are not subject to a heightened pleading standard, a plaintiff is nonetheless required to 'allege facts that, if believed, would show that a federal right was actually violated.'" *Id.*, quoting *Estate of Himelstein v. City of Fort Wayne*, 898 F.2d 573, 575 (7th Cir. 1990). Conclusory assertions of the violation of a constitutional right are insufficient to state a §1983 claim based on a purported Fourteenth Amendment due process violation. *Id.* In

---

[1] The standing issue is further highlighted by the class Plaintiff seeks to represent. Although issues of class certification are not presently before this Court, it is telling that Plaintiff seeks to be a class representative for a class including people who were "charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team." (Compl. ¶¶ 23(B); 39(B); 50(B)(2).) But nowhere does Plaintiff allege -- nor can he -- that he was ever charged over $20 for any accident report, a clear reason why Plaintiff lacks standing to pursue that claim on behalf of himself or anybody else.

addition, a plaintiff must allege, with supporting facts, why available state remedies are inadequate. *Id.*

Under 42 U.S.C. §1983, "municipalities may not be held liable unless action pursuant to official municipal policy caused a constitutional tort." *Bailey v. New York City Police Dept.*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996), citing *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978). The right to have a state law obeyed is not a federal right recognizable in a civil rights action. *See McKinney v. George*, 556 F. Supp. 645, 651 (N.D. Ill. 1983), aff'd 726 F.2d 1183 (7th Cir. 1984).

Here, Plaintiff's §1983 claim falls woefully short of the requisite pleading standards. The claim is based solely on an allegation that the Village charged his attorney $15 for a report which under an Illinois state statute should only cost $5. This is obviously an issue of whether the Village complied with the laws of the State of Illinois. No Constitutional or federal law is implicated. This is an issue regarding the right to have a state law obeyed - an issue which cannot support a §1983 action. *Id*.

Recognizing these fatal deficiencies, Plaintiff includes two conclusory paragraphs that assert that Plaintiff's Constitutional rights have been violated. First, Plaintiff alleges that the Village "acted with deliberate indifference, in its official capacity, to the constitutional rights of [Plaintiff] and the class members, and the Due Process clause of the Fourteenth Amendment of the United States Constitution." (Compl. ¶17.) Second, Plaintiff claims that he "and the class members were illegally and wrongfully deprived of their property by state actors in violation of their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution." (*Id.* ¶18.)

Plaintiff's allegations are very similar to the conclusory allegations of a purported violation of Constitutional rights in the *Ray* case - allegations that were insufficient as a matter of law to sustain a §1983 claim. There, the plaintiff alleged that:

> [d]efendants illegally seized plaintiff's income taxes deprived [sic] plaintiff of his right to be free from unreasonable seizures as guaranteed by the Fifth and Fourteen [sic] Amendments to the Constitution of the United States and protection under 42 USC 1983. *Ray*, 1999 WL 104160, at *2.

Like the *Ray* case, Plaintiff's conclusory allegations here cannot elevate an alleged state law violation into a federal § 1983 claim. Furthermore, it is noteworthy that Plaintiff does not allege that charging any fee for an accident report violates his Constitutional rights. Plaintiff's claim rests on the assertion that a $15 charge, rather than a $5 charge, is an equal protection and due process violation. As there is no Constitutional right involved in whether a state may charge $5 or $15 for an accident report, there is no way that Plaintiff can state a §1983 claim based on a purported violation of Illinois state law. In addition, Plaintiff fails to allege that the available state remedies are inadequate, yet another fatal deficiency. *Id.*

Count I fails to state a claim and should be dismissed.

**B.     Count I Fails Because It Does Not Allege A Violation of an Official Rule or Policy Adopted by the Village's Board of Trustees.**

Count I fails for an additional reason as well: Plaintiff never alleges that the $15 charge was officially adopted by the Village's governing board. "Local government bodies can be sued directly under §1983 for monetary damages only where 'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation of decision officially adopted and promulgated by that body's officers.'" *Keeble v. Cisneros*, 664 F.Supp. 1076, 1079 (S.D. Tex. 1987), quoting *Monell*, 436 U.S. 658 at 690. Absent such an allegation, Plaintiff's §1983 claim fails.

### III. PLAINTIFF CANNOT PURSUE HIS STATE LAW CLAIMS IN THIS FORUM, OR ANY OTHER FORUM.

#### A. This Court Does Not Have Jurisdiction Over Counts II - IV.

The only basis alleged for this Court to have jurisdiction over this case is the §1983 claim. (Compl. ¶1.) For the remaining counts, Plaintiff states that "[s]upplemental jurisdiction over the state law claims existed under 28 U.S.C. §1367(a)." (*Id*. ¶1.) As discussed above, Plaintiff's claim under 42 U.S.C. §1983 cannot survive. Without this claim, there is no basis for federal jurisdiction. Counts II - IV should be dismissed as well.

#### B. The State Law Claims Fail As a Matter of Law.

Should this Court retain jurisdiction over Counts II - IV, and find that Plaintiff has standing to pursue these claims, application of the particular Illinois law involved in each count requires that each count be dismissed.

##### i. *815 ILCS 505/2 Does Not Apply to Municipalities.*

Plaintiff includes a claim against the Village for an alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. However, the ICFA does not apply to governmental entities like municipalities because those entities are not included in the definition of a "person" covered by the Act. *See Bd. of Ed. of City of Chicago v. A,C&S, Inc.*, 131 Ill. 2d 428, 468-69 (1989); *DuPage Aviation Corp. v. DuPage Airport Authority*, 229 Ill. App. 3d 793, 805 (2d Dist. 1992).

Because the ICFA does not apply to municipalities, including the Village, Count II must be dismissed.

### *ii.    Plaintiff Has No Claim for Unjust Enrichment.*

"To state a cause of action based on the theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity and good conscience." *Firemen's Annuity & Benefit Fund of the City of Chicago v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund of Chicago*, 219 Ill. App. 3d 707, 712 (1st Dist. 1991).

Under Illinois law, a cause of action for unjust enrichment can be predicated on either quasi-contract (a contract implied in law) or tort. *Peddinghaus v. Peddinghaus*, 295 Ill. App. 3d 943, 949 (1st Dist. 1998). For a claim based on quasi-contract, an unjust enrichment claim is premised on a finding of a contract implied in law. *Schlosser v. Welk*, 193 Ill. App. 3d 448, 450 (3d Dist. 1990). "The essential element of a contract implied in law is the receipt of benefits by one party, which it would be inequitable for him to retain without payment; it is predicated on the principle that no one should unjustly enrich himself at another's expense." *Id.* Illinois courts are clear that a plaintiff cannot state a claim for unjust enrichment grounded in quasi-contract when an actual contract governs the relationship between the parties. *Murray v. Abt Assocs. Inc.*, 18 F.3d 1376, 1379 (7th Cir. 1994); *Ohio Cas. Ins. Co. v. Bank One,* No. 95 C 6613, 1997 WL 428515, at *6 (N.D. Ill. July 23, 1997).

When a contract exists, the ability to plead unjust enrichment depends upon a plaintiff's ability to state some other valid cause of action that caused the alleged "enrichment" to be "unjust." *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 271 Ill. App. 3d 483, 492 (1st Dist. 1995). As the *Alliance* court explained,

> The term 'unjust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.

*Id.* (*quoting Charles Hester Enter., Inc. v. Ill. Founders Ins.*, 137 Ill. App. 3d 84, 90-91 (5th Dist. 1985)); *accord Bober v. Glaxo Welcome Plc*, 246 F.3d 934, 943 (7th Cir. 2001) (applying Illinois law) (when consumer fraud claim failed, unjust enrichment claim also failed; "in the absence of any deception on the part of the defendants, the requisite violation of 'fundamental principals of justice, equity, and good conscience' is not present"); *In re Demert & Dougherty, Inc.*, 271 B.R. 821, 847-48 (N.D. Ill. 2001) (applying Illinois law) ("[unjust enrichment] is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct").

Because Plaintiff fails to allege the requisite independent claim for consumer fraud, duress, or undue influence, he necessarily fails to allege an unjust enrichment claim grounded in tort. *Alliance*, 648 N.E.2d at 977; *accord Bober*, 246 F.3d at 943, *Demert*, 271 B.R. at 847-48. Nor does Plaintiff state an unjust enrichment claim based on quasi-contract. Plaintiff contends that the Village charged his attorney a certain amount, his attorney remitted that amount, and the Village provided the report to his attorney. This transaction has all the hallmarks of a contract, and therefore no unjust enrichment claim can stand based on a quasi-contract theory. *Murray*, 18 F.3d at 1379; *Ohio Cas. Ins.*, 1997 WL 428515, at *6. Moreover, there is no detriment to Plaintiff, as his attorney received exactly what he wanted. This is not a situation that "violates fundamental principles of justice, equity and good conscience." Without any such detriment or

violation of fundamental principles of justice or equity, Plaintiff fails to state a claim for unjust enrichment, and Count III should be dismissed.

### iii.    Plaintiff Cannot Sustain an Affirmative Claim for Ultra Vires.

Ordinarily, *ultra vires* is asserted as a defense, not as an affirmative claim. This is because in the usual case, a party seeks to enforce a contract that the other side claims is not enforceable. Here, in the face of three other deficient claims, Plaintiff has resorted to asserting an affirmative claim for *ultra vires* in Count IV. What Plaintiff asks this Court to do is not to declare the entire transaction void, but instead to permit him to keep the accident report, just for a lesser fee.

But what Plaintiff fails to allege is that the Village's Board of Trustees officially entered into a contract with him and, by so doing, acted outside of its authority. Instead, Plaintiff relies on a letter authored by one employee of the Village stating that the "amount due for a police report is $15.00." (Compl. Ex. A.) As an act of one employee, and not an official act taken by the Board of Trustees, this is insufficient to state a claim for *ultra vires*. *See, e.g., Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 101 (1st Dist. 2005); *McMahon v. City of Chicago*, 339 Ill. App. 3d 41, 48 (1st Dist. 2003). Count IV should be dismissed.

### Conclusion

Plaintiff fails in his attempt to trump up this matter into a federal lawsuit, as there are numerous reasons why Plaintiff cannot pursue any of these claims. Plaintiff did not pay any money to or have any dealings personally with the Village, and therefore lacks standing to pursue any claim based on a purported overcharge. There is no violation of 42 U.S.C. §1983, the only basis for this Court to have jurisdiction over this case, because there is no alleged violation of Constitutional or federal law. Because that claim should be dismissed, the Court should

dismiss the remaining state law claims for lack of jurisdiction. Moreover, an examination of the individual state law claims under Illinois law shows that Plaintiff fails to state a claim under the ICFA, for unjust enrichment, or for *ultra vires*. For each of these reasons, Plaintiff's Complaint should be dismissed in its entirety.

Dated: January 4, 2008            Respectfully Submitted,

           VILLAGE OF CHICAGO RIDGE,

           By:    /s/ Bevin M. Brennan
                     One of Its Attorneys

Francis A. Citera
Mark J. McCombs
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## **CERTIFICATE OF SERVICE**

      I, Bevin M. Brennan, hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Lance A. Raphael
>Stacy M. Bardo
>Allison A. Krumhorn
>The Consumer Advocacy Center, P.C.
>180 West Washington, Suite 700
>Chicago IL, 60602
>E-mails:    lance@caclawyers.com
>                stacy@caclawyers.com
>                allison@caclawyers.com

>Aron D. Robinson
>Law Office of Aron D. Robinson
>19 South LaSalle Street
>Suite 1300
>Chicago, IL 60603
>E-mail:    adroblaw@aol.com

                                                      /s/ Bevin M. Brennan