# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

JEFFREY OLSZOWKA,                )
on behalf of himself and all others   )
similarly situated,              )
                                 )   Hon. John A. Nordberg
       Plaintiffs,              )
                                 )   Magistrate Judge Susan E. Cox
   v.                         )
                                 )   Case No. 07 CV 6115
VILLAGE OF CHICAGO RIDGE,        )
                                 )
       Defendant.               )

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

The Parties enter into the following Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement"). This Settlement Agreement is entered into by and among Jeffrey Olszowka, the named Plaintiff in this class action, in his individual capacity and on behalf of the class described in this Agreement, and the Village of Chicago Ridge, the named Defendant in this action, who collectively shall be the "Settling Parties," as more fully defined below. This Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the terms and conditions herein.

## RECITALS

WHEREAS, the Complaint alleges that the Defendant charged $15 for police reports in violation of 625 ILCS 5/11-416; and

WHEREAS, the Complaint seeks money damages, attorneys' fees and other relief; and

WHEREAS, the Defendant has denied and continues to deny each and all of the claims and contentions alleged in the Complaint; and

WHEREAS, the Settling Parties have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members arising out of or related to the subject matter of the Complaint; and

WHEREAS, the Settling Parties have engaged in arms-length settlement negotiations, and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties; and

WHEREAS, Class Counsel believe that the claims asserted by the Complaint are meritorious. Class Counsel also recognize, however, that this suit may have an uncertain outcome and that pursuing this litigation through trial would involve substantial cost, risk and inevitable delay. Based on their evaluation of the facts and law, and a weighing of the risks and benefits, which include, among other things, whether the facts support the claims raised in the Complaint, the expense and length of continued proceedings necessary to prosecute the Action against the Defendant through trial and any appeals, and the substantial benefits the Settlement confers upon the Class, Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, the Class Representative, through Class Counsel, which has conducted an investigation into the relevant facts and circumstances, engaged in arms' length negotiations with Defendant's Counsel, has concluded that it is in the best interests of the Class to settle the Class Members' Claims on the terms set forth herein, which are deemed to be fair, reasonable, and adequate; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Class Counsel and Defendant's Counsel that the claims of the Class be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## DEFINITIONS

1.  <u>Accessible Contact Information</u>.  "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of Defendant and using standard address forwarding that may be supplied by the United States Post Office, if any.

2.  <u>Action</u>.  "Action" means the above-captioned action currently pending in the United States District Court for the Northern District of Illinois.

3.  <u>Parties</u>.  The Parties to this Class Action Settlement Agreement and Release are Jeffrey Olszowka on behalf of himself and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members") and Village of Chicago Ridge ("Defendant").

4.  <u>Attorneys' Fees</u>.  "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, as agreed to by Defendant and awarded by the Court in the amount of $15,000.  This amount is inclusive of the fees and expenses incurred by Class Counsel to answer any questions from members of the class that contact Class Counsel.  "Attorneys' Fees" does not include the Class Representative's payment or settlement administration costs and expenses. Attorneys' Fees are not taken from any award paid to the Class.

5.  <u>Claim Form</u>.  "Claim Form" means the Claim Form provided for in this Agreement and attached hereto as <u>Exhibit 3</u>, or in such other form as the Parties may later agree upon in writing.

6.  <u>Class Counsel</u>.  "Class Counsel" means counsel for the Class Representative and the Class Members:  Lance A. Raphael, Stacy M. Bardo, and Allison A. Krumhorn of the

Consumer Advocacy Center, P.C., 180 West Washington Street, Suite 700, Chicago, Illinois 60602 and Aron D. Robinson of the Law Office of Aron D. Robinson, 19 South LaSalle Street, Suite 1200, Chicago, Illinois 60603.

7.     Class Members.  "Class Members" shall mean Persons defined in the following manner:

> All persons or entities who, according to Defendant's records: (a) from January 1, 2002 through December 31, 2007; (b) were charged $15 for a police report by the Village of Chicago Ridge.

8.     Class Representative.  "Class Representative" means Jeffrey Olszowka.

9.     Complaint.   Complaint means the Amended Complaint filed in the United States District Court for the Northern District of Illinois, *Olszowka v. Village of Chicago Ridge*, Case No. 07 CV 6115, and attached hereto and incorporated herein as Exhibit 1.

10.     Court.   The "Court" means the United States District Court for the Northern District of Illinois.

11.     Defendant.  "Defendant" means the Village of Chicago Ridge.

12.     Defendant's Counsel.  "Defendant's Counsel" means:  Francis A. Citera, Mark J. McCombs, and Bevin M. Brennan of Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois  60601.

13.     Effective Date.  "Effective Date" means the date on which the last Settling Party signs this Agreement.

14.     Final.  "Final" means that date on which the Final Judgment Order is entered, a proposed form of which is attached hereto and incorporated herein by reference as Exhibit 5.

15.     Final Judgment.  "Final Judgment" means the Final Judgment provided for in paragraph 41, a form of which is attached hereto and incorporated herein as Exhibit 5.

16.   <u>Notice</u>.  "Notice" means the Notice of Proposed Class Action Settlement in the form attached hereto and incorporated herein as <u>Exhibit 2</u>.

17.   <u>Notice Date</u>.  "Notice Date" means the date that Notice is mailed to Class Members.

18.   <u>Opt-Out Date</u>.  "Opt-Out Date" means the deadline for Class Members to postmark requests for exclusion from the Settlement.  The Opt-Out Date will be at least 45 days after the Notice Date, and requests for exclusion postmarked after that date will have no legal effect.

19.   <u>Person</u>.  "Person" (when used in the singular or in the plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

20.   <u>Preliminary Approval Order</u>.  "Preliminary Approval Order" means the order preliminarily approving this Settlement Agreement, approving the Notice, and setting the Settlement Hearing, as provided in paragraph 38 of this Settlement Agreement, a form of which is attached hereto and incorporated herein as <u>Exhibit 4</u>.

21.   <u>Related Parties</u>.  "Related Parties" shall mean each of a Person's past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families, and all Related Parties' and Settling Parties' insurers and their reinsurers.

22.   <u>Released Claims</u>.  "Released Claims" means the claims and liabilities released and discharged under paragraph 35.

- 5 -

23.    Settlement.    "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

24.    Settlement Administration Costs and Expenses.    "Settlement Costs and Expenses" means the costs and expenses connected with administering and facilitating the Settlement, including, but not limited to, the costs of printing and mailing Notice, processing Claim Forms, and mailing Settlement Checks to eligible Class Members.    All Notice and Settlement Administration Fees, Costs and Expenses shall be paid by Defendant in addition to: the Settlement Amount, award to the Class Representative, attorneys' fees and costs, and any other fees and expenses.

25.    Settlement Administrator.    "Settlement Administrator" means Charles Tokar, Village Clerk of the Village of Chicago Ridge.    The Settlement Administrator will report on the status once per month to Class Counsel and Defendant's Counsel.

26.    Settlement Amount.    "Settlement Amount" means the amounts paid to each Class Member, including Plaintiff, plus the compensation paid to Class Counsel.

27.    Settlement Checks.    "Settlement Checks" are the checks used to pay Class Members.

28.    Settlement Hearings.    "Settlement Hearing" means the hearing to determine whether the settlement of the Class Action should be given final approval, whether the proposed Plan of Allocation should be approved, and whether the applications of Class Counsel for attorneys' fees, costs, and expenses should be approved.

29.    Settling Parties.    "Settling Parties" means Plaintiff, on behalf of himself and the Class Members, and Defendant.

## PAYMENTS TO CLASS

30.    Relief to Class.

- 6 -

Monetary Relief: The Defendants will pay Class Members for claims up to an aggregate total of $14,000. In addition, and apart from the maximum amount of $14,000 available in total for all claims submitted, $1,000 will be paid to the Class Representative for his role in this litigation. The $14,000 shall be divided on a *pro rata* basis among those Class Members who return a fully-executed, complete, timely, and truthful Claim Form, postmarked no later than 45 days after the Notice Date, indicating a desire to receive a share of the fund. Each Class Member shall be eligible to receive no more than $10 per accident report requested, which is the full amount of the overcharge alleged in Plaintiff's complaint. However, Class Members may receive up to $10 for each accident report they requested. For example, if a Class Member requested 5 separate accident reports and paid more than $5 for each of those 5 reports, that Class Member could submit claims for the 5 separate accident reports and receive up to $10 per accident report. In such a case, that Class Member would receive up to $50. The Claim Form will allow each Class Member to submit claims for all qualifying accident reports requested by that Class Member on one Claim Form. If payment for all claims submitted by Class Members, with each claim being paid a maximum of $10, does not equal or exceed $14,000, Defendant shall be required to pay only the amounts for submitted claims, and any difference between the claimed amounts and $14,000 shall be retained by Defendant. A Claim Form must be mailed to each Settlement Class Member to whom Notice is mailed. Any person who timely and effectively requests exclusion from the Settlement shall not be entitled to submit a Claim Form or receive any portion of the Settlement Class Consideration. If Class Members who opt-out of the class constitute more than 200 of the identified 2,675 potential claims from 2002-07 then each party has the option to void this Settlement Agreement. The option to void the Settlement Agreement must be made in writing no later than 21 days after the opt-out date. Defendant must pay the costs for sending notice and distributing settlement checks to Class Members. Settlement checks to the Class Members shall

checks to the Class Members shall expire 90 days from the date that they are issued.

Other Relief:    In addition to the Monetary Relief available to the Class Members, Defendant agrees, on a going-forward basis, that it will comply with the provisions of 625 ILCS 5/11-416 and charge only the fee permitted by statute.

31.    Attorneys' Fees, Notice Costs and Related Matters.    In addition to the benefits described above, Defendant shall pay, subject to Court approval, to Class Counsel the sum of $15,000 in full satisfaction of all reasonable attorneys' fees and costs. This payment is based upon arms-length negotiations between the parties based upon Class Counsel's fees at their fair and reasonable hourly rates and for time expended and is not taken from any award to the class or class representative.

32.    Class Notice.    Defendant shall send the Notice at the time provided in paragraph 37a, and distribute the Settlement Checks, including the check for Class Counsel's fees and the check to the Class Representative, within 14 days after entry of the Final Judgment Order.

33.    Class Members' Right of Exclusion.    Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided in paragraph 40 of this Agreement, as approved by the Court.    Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

34.    The Settling Parties agree that the Settlement Amount is sufficient to satisfy each Settling Party's obligation to every other Settling Party with regard to all Released Claims.

## RELEASED CLAIMS

35.    It is the agreement and intent of the Settling Parties that this Settlement Agreement be construed and enforced as a mutual and global release subject to the limitations and exclusions provided in paragraph 36 of this Agreement.    Accordingly, it is hereby agreed that upon the

- 8 -

upon the Effective Date of this Settlement Agreement, each Settling Party, Class Member and his, her, or its respective Related Parties, shall hereby be deemed to have, and by operation of this Settlement Agreement have fully, finally, and forever released, relinquished, discharged, and waived, against each and every other Settling Party, including their respective Related Parties, any and all claims of whatever kind or nature, from the beginning of time to the Effective Date hereof, on account of any and all loss or damages of any kind whatsoever, known or unknown, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Complaint. Defendant also agrees to release and forever discharge Plaintiff and his attorneys of and from all causes of action, suits, claims and demands whatsoever, at law or in equity, whether now known or unknown, suspected or unsuspected, existing, claimed to exist or which can ever hereinafter exist, arising from the investigation, filing or prosecution of the cause of action styled, *Olszowka v. Village of Chicago Ridge*, Case No. 07 C 6115, pending in the United States District Court for the Northern District of Illinois. Plaintiff also agrees to release and forever discharge Defendant and its attorneys of and from all causes of action, suits, claims and demands whatsoever, at law or in equity, whether now known or unknown, suspected or unsuspected, existing, claimed to exist or which can ever hereinafter exist, arising from the investigation or defense of the cause of action styled, *Olszowka v. Village of Chicago Ridge*, Case No. 07 C 6115, pending in the United States District Court for the Northern District of Illinois.

36.     The Settling Parties understand and agree that the provisions of paragraph 35 shall be construed to exclude, and shall not impair, any right or cause of action arising from a breach of this Settlement Agreement, including but not limited to, any future claims that may arise with regard to the relief to the Class, or the implementation of the Settlement Agreement. The Settling Parties also understand and agree that the provisions of paragraph 35 shall be construed to

to exclude, and shall not impair, any other right or other cause of action currently pending against Defendant in any Court of competent jurisdiction, nor shall the provisions of paragraph 35 affect any cause of action arising from factually dissimilar complaints.

## PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

37.    Preliminary Approval Motion.    In accordance with the procedures and time schedules below, Class Counsel shall take such actions, and prepare and file, subject to the prior approval by all other Settling Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both preliminary and final approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

a.    Within 10 days of the Effective Date of this Agreement, Class Counsel shall move for preliminary approval of this Agreement, including a request that the Court approve the mailing of the Notice within 21 days of the entry of an order granting preliminary approval of this Agreement. All Settling Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary. Without prior approval of any other Settling Party, Class Counsel may file memoranda in support of the preliminary (and final) approval of this Settlement Agreement; and

b.    The Preliminary Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel as more fully described in paragraph 39, below. The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived. Class Counsel shall maintain a telephone number that may be called by Class Members who may have questions regarding this Settlement Agreement; and

c.      The Settling Parties shall jointly request a Settlement Hearing date, which is no more than 120 days after the date of entry of the Preliminary Approval Order.

38.    <u>Preliminary Approval Order</u>.    The Preliminary Approval Order entered by the Court shall be substantially in the same form as <u>Exhibit 4</u> hereto, but as a condition subsequent of this Settlement Agreement shall at a minimum contain the following provisions:

a.      Preliminary approval of the Settlement Agreement set forth herein and, subject to any objections that may be presented to the Court prior to the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

b.      Approval of the form of a Notice of Settlement that includes the general terms of the settlement set forth in the Settlement Agreement (substantially in the form of Exhibit 2 attached hereto and incorporated herein) and the procedures for objections and opt-outs described below, and directing Defendant to mail or cause to be mailed by first class mail the Notice to all Class Members at their respective Accessible Contact Information within 21 days from the date of said order; and

c.      A finding that the mailing of the Notice by regular first class mail to all Class Members whose address has been identified constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required.

- 11 -

d.    Defendant will mail the Notice of Settlement to the Class Members and to the Attorney General of the State of Illinois, consistent with the Class Action Fairness Act.

39.    Objections.  Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Settlement Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection, together with a statement of reasons for the objection, no later than 14 days before the Settlement Hearing date.  Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law filed and served no later than 5 days prior to the Settlement Hearing.  The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice.  Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.  Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

40.    Exclusion from the Class.  Any Class Member may seek to be excluded from the Settlement.  Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to Class Counsel and Defendant's Counsel and be postmarked no later than the Opt-Out Date.  To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *Olszowka v. Village of Chicago Ridge*." The request for exclusion must also contain the excluded Class Member's name, address, and

- 12 -

address, and signature.

## FINAL JUDGMENT

41.   <u>Final Judgment</u>.  The Final Judgment entered upon the Settlement Hearing by the Court shall be substantially in the same form as <u>Exhibit 5</u>, but as a condition subsequent of this Settlement shall, at a minimum, include the following provisions:

        a.   A finding that the distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

        b.   A finding that after proper notice to the Class and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and denied; and

        c.   Approval of the settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, under Rule 23 of the Federal Rules of Civil Procedure, and finding that the settlement is in good faith, and ordering the Parties to perform the settlement in accordance with the terms of this Settlement Agreement; and

        d.   A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties, or any of them, of any liability or wrongdoing; and

        e.   Subject to reservation of jurisdiction for matters discussed in subparagraph (h), below, dismisses with prejudice the Complaint; and

f.       In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Judgment; and

g.       A finding that all Class Members and their Related Parties shall, as of the entry of the Final Judgment, conclusively be deemed to have released and forever discharged the Defendant and its Related Parties from all Released Claims, and forever enjoining and barring all Class Members and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that asserts any Released Claims; and

h.       A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things:   (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class and resolving any disputes that may arise with regard to any of the foregoing.

## CONDITIONS OF SETTLEMENT, EFFECT OF
## DISAPPROVAL, RECISSION, OR TERMINATION

42.       This Settlement Agreement, including the releases herein, shall be null and void, and the provisions of paragraphs 43 below shall apply, if each of the following conditions fail to occur or be satisfied prior to the date that the Final Judgment becomes Final:

a.       All non-settlement related activities regarding the Complaint shall be, and shall remain, stayed by the Court pending Final Judgment approving this Settlement Agreement; and

b.      All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the date that the Final Judgment becomes Final; and

c.      A Preliminary Approval Order, in a form as described by paragraph 38 above and attached as Exhibit 4, shall be entered by the Court; and

d.      At or prior to the Settlement Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

e.      A Final Judgment, in a form as described by paragraph 41, above, shall be entered by the Court; and

f.      Subject to the reservation of jurisdiction for matters described in paragraph 41(h), the Action must be dismissed with prejudice.

43.     In the event that this Settlement Agreement is finally rejected upon the Settlement Hearing, or in the event a Final Judgment is not entered, or does not become Final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void; and

a.      The terms of this Agreement shall have no further force and effect with respect to the Settling Parties.

b.      This Agreement shall not be used in litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement or required by such party's position as a fiduciary to secure judicial approval of this Agreement; and

c.    The Settling Parties shall be restored to their respective positions in the litigation as of the date of the Settlement Agreement; and

d.    Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

## MISCELLANEOUS PROVISIONS

44.    <u>Agreement to Cooperate</u>.  The Parties: (a) acknowledge that it is their intent to execute the Agreement; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

45.    <u>Good Faith Settlement and Advice of Counsel</u>.  The Parties agree that the terms of the Settlement reflect a good-faith settlement of the Class Representative's and the other Class Members' claims in the Action, reached voluntarily after consultation with experienced legal counsel.

46.    <u>Incorporation</u>.  All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

47.    <u>No Waiver</u>.  The waiver of one party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Party of that breach or a waiver by that Party of any other Party's breach.

48.    <u>Modification</u>.  The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

49.    <u>Headings</u>.  The headings of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

50.   <u>Entire Agreement</u>.  Except as provided herein, the Agreement and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement or its Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the Exhibits thereto.

51.   <u>Authority to Settle</u>.  Class Counsel warrant that they are expressly authorized by the Class Representative to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement on behalf of the Class which they deem appropriate.

52.   <u>Authority to Execute</u>.  Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any Party hereto hereby warrants that he or she has the full authority to do so.

53.   <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument.  Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

54.   <u>Binding Effect</u>.  The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.  All Settling Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

55.   <u>Exclusive Jurisdiction and Venue for Enforcement</u>.  Any dispute relating to this Agreement and/or Final Judgment shall be resolved exclusively in the U.S. District Court for the Northern District of Illinois, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Judgment.  The Parties agree to submit to the exclusive

to the exclusive jurisdiction and venue for the purposes described above.

56.    <u>Choice of Law</u>.  This Agreement and any document executed in furtherance of the Settlement shall be governed by, subject to, and construed in accordance with the laws of the State of Illinois, without regard to conflicts-of-laws principles.

57.    <u>Costs and Expenses</u>.  Except as otherwise provided herein, each Party shall bear its own costs and expenses.

58.    <u>Interpretation</u>.    All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed, by their duly authorized attorneys.

Dated: _7/25/08_

CLASS COUNSEL

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington
Suite 700
Chicago, IL 60602

COUNSEL FOR DEFENDANT

Francis A. Citera
Mark J. McCombs
Bevin M. Brennan
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601

Aron Robinson

Aron D. Robinson
Law Office of Aron D. Robinson
19 South LaSalle Street
Suite 1300
Chicago, IL 60603

- 19 -

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY OLSZOWKA,<br>on behalf of himself and all others<br>similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | 07 C 6115 |
| v. | ) <br> ) | Judge Nordberg<br>Magistrate Judge Cox |
| VILLAGE OF CHICAGO RIDGE, | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | JURY DEMANDED |

## FIRST AMENDED CLASS ACTION COMPLAINT

This case is brought to seek redress for the Village of Chicago Ridge Police Department's practice of overcharging Plaintiff and the class members for copies of accident reports in violation of Illinois law. 625 ILL. COMP. STAT. 5/11-416.

Under Illinois law, though each department of state police may charge a fee for providing copies of accident reports, the fee for such report is capped at $5.00, unless the accident that is the subject of the report was investigated by an accident reconstruction offer, in which case the department may charge $20.00. Using its position of power and the an individual's necessity of obtaining copies of his or her accident reports, Defendant imposed unreasonable and excessive fees to copy these necessary accident reports in violation of Illinois law. Plaintiff now seeks monetary and injunctive relief on behalf of himself and a class of similarly situated individuals for Defendant's wrongful conduct.

### *Jurisdiction and Venue*

1.     Federal question jurisdiction existed as to Plaintiff's claim under 42 U.S.C. § 1983. Supplemental jurisdiction over the state law claims existed under 28 U.S.C. §1367(a).

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the acts and transactions that gave rise to this action occurred, in substantial part, in this district.  Venue was also proper in this district since Defendant can be found, has agents, and transacts business in this district.

### Parties

3.     Plaintiff Jeffrey Olszowka is a resident of the State of Illinois who resides within this district.

4.     Defendant, the Village of Chicago Ridge is a body politic duly organized under the laws of the State of Illinois.

5.     At all times material to this Complaint, Village of Chicago Ridge Police Department, and the agents and employees thereof, were acting under color of state law, ordinance, and/or regulation.

### Factual Allegations

6.     In October 2006, Plaintiff Jeffrey Olszowka, through his attorney, requested a copy of an accident report from the Village of Chicago Ridge Police Department.  Plaintiff required the accident report for use in his personal injury lawsuit.  In making such request, Plaintiff, through his attorney, sent the Village of Chicago Ridge Police Department a check for $5.00.

7.     On November 7, 2006, the Village of Chicago Ridge returned the $5.00 check to Plaintiff and informed him that in order to obtain the necessary report, he would have to pay the Village of Chicago Ridge $15.00, three times the legal amount. *See* Exhibit A.  This letter, which was signed by Kae F. Kosch on behalf of the Village of Chicago Ridge, was written on Village of Chicago Ridge stationary, which has letterhead naming the President of the Village of Chicago Ridge, the Village Clerk/Collector of the Village of Chicago Ridge, and the six Trustees of the Village of Chicago Ridge.

8.     Because Plaintiff needed the copy of the report in order to vindicate his rights in court, he paid the Village of Chicago Ridge Police Department the $15.00 fee. *See* Exhibit B.

## COUNT I
*Violation of 42 U.S.C. § 1983, brought by Plaintiff Jeffrey Olszowka, individually and on behalf of Class A, against Defendant, the Village of Chicago Ridge*

9.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

10.     Plaintiff brings this claim on behalf Class A, consisting of all persons residing in Illinois who, within two years of the filing of Plaintiff's complaint: (a) requested a copy of an accident report from the Village of Chicago Ridge Police Department; and (b) were charged an amount in excess of the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416

11.     There are questions of law and fact common to the class that predominate over any individual questions affecting only individual members. These common questions include, among others:

      a.     Whether Defendant charged individuals for accident reports in an amount greater than those permitted by 625 ILL. COMP. STAT. 5/11-416;

      b.     Whether Defendant thereby violated 42 U.S.C. § 1983.

12.     Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

13.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests that might cause them to not vigorously pursue this action.

14.     A class action is an appropriate and superior method for the fair and efficient

adjudication of this controversy. Since the actual monetary damages suffered by Plaintiff and

the statutory damages available to them are relatively small, the burdens of individual litigation

make it effectively impossible for the class members to seek individual redress for the

Defendant's violations.

15.     Pursuant to 625 ILL. COMP. STAT. 5/11-416:

> *Furnishing copies – Fees. The Department of State Police may furnish copies
> of an Illinois State Police Traffic Accident Report that has been investigated by
> the State Police and shall be paid a fee of $5 for each such copy, or in the case of
> an accident which was investigated by an accident reconstruction officer or
> accident reconstruction team, a fee of $20 shall be paid.*
>
> *Other State law enforcement agencies or law enforcement agencies of local
> authorities may furnish copies of traffic accident reports prepared by such
> agencies and may receive a fee not to exceed $5 for each copy or in the case of an
> accident which was investigated by an accident reconstruction offer or accident
> reconstruction team, the State or local law enforcement agency may receive a fee
> not to exceed $20 . . . .*

16.     In representing that such amounts were properly due and owing, and imposing

and collecting fees of $15.00 per accident report investigated by the State police, Defendant was

acting under the color of Illinois State law.

17.     By virtue of collecting fees for accident reports in excess of those permitted under

625 ILL. COMP. STAT. 5/11-416, Defendant acted with deliberate indifference, in its official

capacity, to the constitutional rights of Jeffrey Olszowka and the class members, and the Due

Process clause of the Fourteenth Amendment to the United States Constitution.

18.     As a direct and proximate result of Defendant's deliberate indifference to Plaintiff

and the class members' constitutional rights, Plaintiff and the class members were illegally and

wrongfully deprived of their property by state actors in violation of their rights under the Equal

Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

19.     The deliberate indifference of the Defendant to Plaintiff and the class members' constitutional rights, constituted willful and wanton or reckless conduct so as to warrant the imposition of punitive damages to deter such conduct in the future.

WHEREFORE, Plaintiff Jeffrey Olszowka prays that judgment be entered in favor of himself and the members of Class A, on and against Defendant Village of Chicago Ridge, and award:

A.     Actual damages in an amount to be proven at trial;

B.     Punitive damages;

C.     An injunction preventing Defendant from charging for accident reports in excess of the amounts permitted by Illinois law;

D.     Attorneys fees and costs; and

E.     Any other relief this Court deems just and appropriate.

### COUNT II
*Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, brought by Plaintiff Jeffrey Olszowka, individually and on behalf of a class of similarly situated individuals, against Defendant the Village of Chicago Ridge*

20.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

21.     Plaintiff brings this claim on behalf of Class B, consisting of all persons residing in Illinois who, within three years of the filing of Plaintiff's complaint: (a) requested a copy of an accident report from the Village of Chicago Ridge; (b) were charged an amount in excess of the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416; (c) in violation of the Illinois Consumer Fraud and Deceptive Practices Act.

22.     The class is so numerous that joinder is impracticable. Plaintiff alleges, on information and belief, that there are more than fifty (50) members of the class.

23.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominate common questions include, among things:

(A)     Whether Defendant charged more than $5.00 for accident reports that were investigated by the State Police;

(B)     Whether Defendant charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team; and

(C)     Whether Defendant thereby engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

24.     Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

25.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unfair practices. Neither Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue this action.

26.     A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. Since the actual monetary damages suffered by Plaintiff and the class members are relatively small, the burdens of individual litigation make it effectively impossible for the class members to seek individual redress for the Defendant's violations.

27.     The Illinois Consumer Fraud Act, 815 ILL. COMP. STAT. 505/2, states in relevant part that:

> . . . *unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful . . . .*

28.     Illinois law mandates that Defendant may only charge $5.00 for an accident report that has been investigated by the state police, and $20.00 for an accident report that was investigated by an accident reconstruction officer or accident reconstruction team.

29.     Defendant therefore engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, by charging consumers for accident reports in an amount in excess of those prescribed by 625 ILL. COMP. STAT. 5/11-416.

30.     For instance, Defendant represented to Plaintiff that he was required to pay $15.00 for an accident report that should have only cost $5.00 under the statute.

31.     In charging these amounts, Defendant represented to Plaintiff and the class members that the amounts charged for the accident reports were lawful and properly due. Such representations were false.

32.     Additionally, in charging such amounts, Defendant acted unfairly, as that word is used in the Illinois Consumer Fraud and Deceptive Business Practices Act, towards Plaintiff and the class members as Defendant was not authorized to charge for accident reports in an amount in excess of those stated in 625 ILL. COMP. STAT. 5/11-416.

33.     Plaintiff and the class members relied on Defendant to properly set forth and charge legal amounts for accident reports.

34.     Defendant engaged in such conduct in the course of trade and commerce.

35.    Plaintiff and the class members suffered damage due to Defendant's unlawful

conduct in the form of money remitted for the accident reports in addition to the costs stated in 625

ILL. COMP. STAT. 5/11-416.

WHEREFORE, Plaintiff Jeffrey Olszowka prays that judgment be entered in favor of

himself and the members of Class B, on and against Defendant, the Village of Chicago Ridge,

and award:

> A.    Actual damages in an amount to be proven at trial;
>
> B.    Punitive damages;
>
> C.    An injunction preventing Defendant from charging for accident reports in excess of the amounts permitted by Illinois law;
>
> D.    Attorneys fees and costs; and
>
> E.    Any other relief this Court deems just and appropriate.

## COUNT III
*Unjust Enrichment, brought by Plaintiff Jeffrey Olszowka, individually and on behalf of a class of similarly situated individuals, against Defendant, the Village of Chicago Ridge*

36.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-

8 as if set forth fully in this Count.

37.    Plaintiff brings this claim on behalf of Class C, consisting of all persons residing in

Illinois who, within five years of the filing of Plaintiff's complaint: (a) requested a copy of an

accident report from the Village of Chicago Ridge; (b) were charged an amount in excess of the

statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416.

38.    The class is so numerous that joinder is impracticable.  Plaintiff alleges, on

information and belief, that there are more than fifty (50) members of the class.

39.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominate common questions include, among other hings:

    (A)    Whether Defendant charged more than $5.00 for accident reports that were investigated by the State Police;

    (B)    Whether Defendant charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team; and

    (C)    Whether Defendant was thereby unjustly enriched.

40.    Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

41.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unfair practices. Neither Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue this action.

42.    A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. Since the actual monetary damages suffered by Plaintiff and the class members are relatively small, the burdens of individual litigation make it effectively impossible for the class members to seek individual redress for the Defendant's violations.

43.    A party is unjustly enriched when it retains a benefit to the detriment of another party against fundamental principals of justice, equity, and good conscience.

44.    Defendant represented that Plaintiff and the class members were required to pay over $5.00 for accident reports that were investigated by State police. Defendant in fact collected amounts in excess of $5.00 for accident reports that were investigated by State police. However,

-9-

Defendant was prohibited from charging and collecting more than $5.00 for accident reports pursuant to 625 ILL. COMP. STAT. 5/11-416.

45.     Defendant has reaped thousands of dollars in profits as a result of its collection of money for Plaintiff and the class members that was in excess of the amounts allowed under Illinois law. That Defendant amassed such earnings, and retains such benefit to the detriment of Plaintiff and the class members, violates the fundamental principles of justice, equity, and good conscience.

46.     Defendant has been and continues to be unjustly enriched through its above-described conduct.

47.     Defendant should be required to disgorge the monies it has unjustly obtained to the detriment of Plaintiffs and the class members.

WHEREFORE, Plaintiff Jeffrey Olszowka prays that judgment be entered in favor of himself and the members of Class C, on and against Defendant Village of Chicago Ridge, and award:

A.     An order that Defendant disgorge all monies unjustly enriched through its collection of amounts in excess of those allowed under 625 ILL. COMP. STAT. 5/11-416 for the benefit of Plaintiff and the members of Class C.

B.     Any other relief this Court deems just and appropriate.

## COUNT IV
*Ultra Vires, brought by Plaintiff Jeffrey Olszowka, individually and on behalf of a class of similarly situated individuals, against Defendant the Village of Chicago Ridge*

48.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

49.     Plaintiff brings this claim on behalf of Class D, consisting of all persons residing in Illinois who, within five years of the filing of Plaintiff's complaint: (a) contracted with the Village of

-10-

Chicago Ridge for the purchase of an accident report; and (b) were charged an amount in excess of

the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416.

50. Rule 23 of the Federal Rules of Civil Procedure is satisfied as:

A. The class is so numerous that joinder is impracticable;

B. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominate common questions include, among things: 1) whether Defendant contracted with Plaintiff and the members of the class for the purchase of accident reports; 2) whether Defendant charged more than $5.00 for accident reports that were investigated by the State Police; and 3) whether Defendant charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team; and 3) whether the contract was made *ultra vires* and therefore unenforceable;

C. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories;

D. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unfair practices. Neither Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue this action; and

E. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. Since the actual monetary damages suffered by Plaintiff and the class members are relatively small, the burdens of individual litigation make it effectively impossible for the class members to seek individual redress for the Defendant's violations.

51. Defendant contracted with Plaintiff and the members of Class D to sell them accident

reports.

52. Pursuant to 625 ILL. COMP. STAT. 5/11-416:

*Furnishing copies – Fees. The Department of State Police may furnish copies of an Illinois State Police Traffic Accident Report that has been investigated by the State Police and shall be paid a fee of $5 for each such copy, or in the case of an accident which was investigated by an accident reconstruction officer or accident reconstruction team, a fee of $20 shall be paid.*

*Other State law enforcement agencies or law enforcement agencies of local authorities may furnish copies of traffic accident reports prepared by such agencies and may receive a fee not to exceed $5 for each copy or in the case of an accident which was investigated by an accident reconstruction offer or accident reconstruction team, the State or local law enforcement agency may receive a fee not to exceed $20 . . . .*

53.     Defendant contracted to sell and in fact sold accident reports to Plaintiff and the members of Class D in an amount in excess of those permitted by 625 ILL. COMP. STAT. 5/11-416.

54.     As such, Defendant did not have the ability to charge such amounts, and in fact, exceeded its powers as it was barred by 625 ILL. COMP. STAT. 5/11-416 from charging such amounts. Therefore, such contracts are ultra vires and unenforceable.

55.     Defendant should be required to provide restitution to Plaintiff and the members of Class D for the amounts it unlawfully collected from them.

WHEREFORE, Plaintiff Jeffrey Olszowka prays that judgment be entered in favor of herself and the members of Class D, on and against Defendant Village of Chicago Ridge, and award:

A.     An order that Defendant provide Plaintiffs and the members of Class D for its collection of amounts in excess of those allowed under 625 ILL. COMP. STAT. 5/11-416 pursuant to contract; and

B.     Any other relief this Court deems just and appropriate.

### *JURY DEMAND*

Plaintiff demands trial by jury.

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.

180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808
Firm No. 36667

Aron D. Robinson
Law Office of Aron D. Robinson
19 South LaSalle Street, Suite 1300
Chicago, IL 60603
(312) 857-9050
Attorney I.D. 35546

# EXHIBIT A



## VILLAGE OF CHICAGO RIDGE

10455 S. RIDGELAND AVE. • CHICAGO RIDGE, ILLINOIS 60415 • (708) 425-7700

EUGENE L. SIEGEL
PRESIDENT
CHARLES E. TOKAR
VILLAGE CLERK / COLLECTOR

TRUSTEES:
JUANITA A. BABCOCK
DANIEL A. BADON
BRAD C. GROVE
DONALD E. PRATL
BRUCE D. QUINTOS
JAMES S. SAUNORIS

November 7, 2006

The Law Offices of Michael P. McCready, P.C.
10008 S. Western Ave.
Chicago, Il. 60643

Dear Sir:

Enclosed is your check for $5.00. The amount due for a police report is $15.00. Please remit a check in that amount and upon receipt of your check I will forward the report to you.

Thank you for your cooperation in this matter.

Very truly yours,

Kae F. Kosch
Village of Chicago Ridge

# EXHIBIT B

THE LAW OFFICES OF MICHAEL P. McCREADY, PC
10009 S. WESTERN AVENUE  773-779-9885
CHICAGO, IL  60643

7720

DATE 8 Nov 06

$ 15.00

PAY TO THE
ORDER OF  Chicago Ridge Police Dept.

Fifteen and 00/100                                    DOLLARS

STANDARD
BANK AND TRUST CO.

MEMO

⑈071904363⑈ 540283 2009⑈ 7720

# EXHIBIT 2

## Notice of Proposed Class Action Settlement in

### *Olszowka v. Village of Chicago Ridge*

### Northern District of Illinois, No. 07 CV 6115

#### This is to notify you of a proposed settlement in this lawsuit

#### You are <u>not</u> being sued

#### You may be owed money under the proposed settlement

**Answers to frequently asked questions:**

**What is this lawsuit about?**

Jeffrey Olszowka is a citizen of Illinois.  He filed this lawsuit against Defendant Village of Chicago Ridge.

Olszowka claims that Defendant violated 625 ILCS 5/11-416 by charging $15 for police reports from the Village police department instead of the $5 contemplated by statute.  Defendant denies Olszowka's claims.  However, to avoid the continued expense of litigation, the Parties have agreed to settle this litigation.

The Court has permitted Olszowka to represent all persons and entities who: (a) from January 1, 2002 through December 31, 2007; (b) were charged $15 for a police report by the Village of Chicago Ridge.  If you are one of these people or entities, you are a class member.

**Why am I receiving this notice?**

You are receiving this notice because Defendant's records show that you are a class member. This notice advises you of benefits you are entitled to receive under the proposed settlement in this case.  This notice describes the lawsuit and provides a summary of the proposed settlement terms.  The Court will hold a hearing on _____, at _____ ___.m. in Courtroom 1342, at the U.S. District Court, Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, to determine whether to finally approve the proposed settlement.  **You do not need to attend the hearing**, although you have the right to attend.

**What benefits do I receive from the settlement?**

During the period January 1, 2002 through December 31, 2007, Defendant charged $15 for police reports at issue in Olszowka's complaint approximately 2,675 times.  Defendants have agreed to pay up to a total of $14,000 to settle all class members' claims, which is greater than 50% of the overcharge alleged.  If the Court approves the settlement, class members who timely send in the attached claim form will be paid as follows: Class Members will receive up to $10 per per police report obtained from the Defendant, which is the full amount of the overcharge alleged.  For example, if you requested 5 accident reports, you could receive up to $50.

Defendant has also agreed that, on a going-forward basis, it will comply with the provisions of 625 ILCS 5/11-416 and charge only the fee permitted by statute.

Counsel believes, based upon Defendant's representations regarding the number of police reports requested, the amount of the overcharge, that Defendant's payments of up to $14,000 for the Class is fair and reasonable.

**What are the other settlement terms?**
In addition to the up to $14,000 available to the class, Defendants are also paying (a) litigation costs, (b) class administration expenses, and (c) attorneys' fees. Class Counsel will seek court approval for an award of reasonable attorneys' fees of up to $15,000, and the Plaintiff in this lawsuit will receive $1,000 for his services as class representative. Defendant is paying these amounts in addition to the $14,000 being made available to the class.

**What are my options?**

**Choice No. 1. Send in a claim form.**
**If you want to participate in the settlement and receive part of the up to $14,000 in payments to Class Members, you <u>must</u> fill out the attached claim form.** If the proposed settlement is approved by the Court, you will be sent a check and you will also be releasing all claims you have against Defendant that are similar to the claims that Olszowka raised in his complaint. You will also be bound by all Court decisions in this action.

**Choice No. 2. Exclude yourself from (opt-out of) the Class.**
If you do not want to be a member of the Class, you have the right to opt out or exclude yourself by filing a written request for exclusion. <u>If you exclude yourself from this action, you will neither share in the Class recovery nor be bound by the judgment in this matter.</u> If you exclude yourself, you will have the right to bring an individual action on your own behalf.

<u>If you want to exclude yourself from the Class, you must send a letter stating,</u> I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *OLSZOWKA V. VILLAGE OF CHICAGO RIDGE,*" that contains your name and address to:

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, Illinois  60602

Francis A. Citera
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois  60601

Your request for exclusion must be postmarked by _____, 2008.

**Choice No. 3.  Object to the class settlement.**

You may object to the proposed settlement if you think it is unfair, or you may object to any of its terms.  The U.S. District Court, Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois  60603, will hold a hearing on _____, 2008 at _____ ___.m. in Courtroom 1342 to decide whether the settlement is fair and should be approved.  If you wish to oppose the settlement and file written opposition, you must file your papers with the Clerk of the Court on or before _____.  Your written papers must contain the specific reasons for your objection. **You must comply with these time limits or you will lose the right to be heard.**  You must also mail a copy of any written opposition or statement of your intention to appear to each of the following:

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, Illinois  60602

Francis A. Citera
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois  60601

If you object and your objection is denied, you will still be part of the Settlement Class. The Settlement Hearing may be continued or adjourned by Order of the Court, without further notice.

**Choice No. 4.  Do Nothing.**

If you do not respond to this notice, you will not have the right to share in the class recovery or to bring your own lawsuit against the Defendant based on the $15 you paid Defendant for a police report, but you will not be otherwise affected.

**What if my address has changed?**

If this notice was sent to your correct address, you do not need to do anything.  If the address on this notice was incorrect, please update your address on the Claim Form provided.

**What if I still have questions?**

You can inspect the court papers filed in this case in the Office of the Clerk, United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois 60603.  **Please do not call the Judge or Clerk of the Court.  They will not be able to give you advice about this case.**

**If you have any more questions, please call Class Counsel Lance A. Raphael at (312) 782-5808 or Aron D. Robinson at (312) 857-9050.**

## CLAIM FORM
## CLASS ACTION
### *OLSZOWKA V. VILLAGE OF CHICAGO RIDGE*

THE CLAIM FORM MUST BE **RECEIVED BY** _____ **, 2008**.

**IF YOU WANT TO SHARE IN THE SETTLEMENT, THEN YOU MUST MAIL IN THIS FORM.**

**PRINT NEATLY -- YOU MUST MAIL THIS FORM TO ATTN**:

Charles Tokar
Village Clerk
Insert Address

**I am making a claim on behalf of myself or on behalf of _____ [insert company name]company for my/its share of the Class Recovery money**:

From January 1, 2002 through December 31, 2007, I/my company _____[insert company name] requested ____ police reports from the Village of Chicago Ridge.

**If your name or address has changed, please enter the new information below:**

My name has changed.  My new name is:

Name: _____

My mailing address has changed.  My new address is:

Address: _____

City: _____    State _____    Zip Code _____

- 4 -

# EXHIBIT 3

# CLAIM FORM
# CLASS ACTION
## *OLSZOWKA V. VILLAGE OF CHICAGO RIDGE*

THE CLAIM FORM MUST BE **RECEIVED BY** _____ **, 2008**.

**IF YOU WANT TO SHARE IN THE SETTLEMENT, THEN YOU MUST MAIL IN THIS FORM.**

**PRINT NEATLY -- YOU MUST MAIL THIS FORM TO ATTN**:

Charles Tokar
Village Clerk
Insert Address

**I am making a claim on behalf of myself or on behalf of** _____
**[insert company name]company for my/its share of the Class Recovery money**:

From January 1, 2002 through December 31, 2007, I/my company _____[insert company name] requested \_\_\_ police reports from the Village of Chicago Ridge.

**If your name or address has changed, please enter the new information below:**

My name has changed.  My new name is:

Name: _____

My mailing address has changed.  My new address is:

Address: _____

City: _____ State \_\_\_\_\_ Zip Code _____

- 4 -

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY OLSZOWKA,<br>on behalf of himself and all others<br>similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VILLAGE OF CHICAGO RIDGE,<br><br>　　　　Defendant. | )<br>)<br>)<br>)　Hon. John A. Nordberg<br>)<br>)　Magistrate Judge Susan E. Cox<br>)<br>)　Case No. 07 CV 6115<br>)<br>)<br>) |

## PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request (the "Joint Motion") of Plaintiff Jeffrey Olszowka and a class of persons similarly situated (collectively, "Plaintiff" or "Settlement Class Members"), on the one hand, and the Village of Chicago Ridge ("Defendant"), on the other, for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated July 25, 2008. The Court has reviewed the Agreement and its attached exhibits, and the Joint Motion and its attached exhibits and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated July 25, 2008, which is attached to the Joint Motion as Exhibit A.

Certification of a Settlement Class. The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(b)(3) have been met in this case and certified the class as follows:

> All persons or entities who, according to Defendant's records: (a) from January 1, 2002 through December 31, 2007; (b) were charged $15 for a police report by the Village of Chicago Ridge.

Preliminary Approval. The Court preliminarily approves the Settlement of the Action as set forth in the Agreement and Exhibits thereto as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: 1) the recovery of up to $14,000 in the aggregate for Class Members' Claims, with the costs of notice and distribution being borne by Defendant is fair and reasonable; 2) payment to the Class Representative of $1,000.00 for his role in this litigation is fair and reasonable; and 3) a separate payment to Class Counsel of fees and costs in the amount of $15,000, which is not taken from any recovery to the Settlement Class, is fair and reasonable for the services provided by Class Counsel in this case and continuing until all questions of the Settlement Class have been answered and a Final Approval Order is entered. Defendant, after negotiating the amount of fees in this case, has agreed to pay those fees as fair and reasonable given the circumstances of this case.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

Settlement Hearing. A Settlement Hearing will be held on _____, 2008, at _____ ___.m. at which time the Court will finally determine whether the Certification of a Class for Settlement Purposes and Settlement of the Action, including Class Counsel's Attorneys' Fees Application, should be finally approved as

fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

Form and Content of Notice. The Court approves, as to form and content, for distribution to members of the Settlement Class the Notice in the form of Exhibit 2 attached to the Settlement Agreement.

Mailed Notice. No later than 30 days after the date upon which the Court enters the Preliminary Approval Order, Defendant must mail Notice by first class mail to Class Members with Accessible Contact Information and to the Attorney General of the State of Illinois, consistent with the Class Action Fairness Act. Defendant's Counsel shall file with the Court, no later than 5 business days prior to the Settlement Hearing, an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

Best Practicable Notice. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

Requests for Exclusion. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to Class Counsel and to Defendant's Counsel and postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by stating "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *Olszowka v. Village of Chicago Ridge*." The request for

- 3 -

exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. No later than 5 days before the Settlement Hearing, Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

Objections. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than 14 days before the Settlement Hearing. Any Person who objects to the Settlement must file a statement of reasons as to why he or she is objecting to the settlement with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law filed and served no later than 5 days prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement unless otherwise ordered by the Court.

Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted

- 4 -

litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

Extension of Deadlines. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

Deadline for Opt-Outs. To be legally effective, all requests for exclusion described above, must be received on or before _____, 2008.

Deadline for Objections. Class Member Objections, as described in above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court on or before _____, 2008. Objections not filed and served in a timely manner shall be deemed waived.

Deadline for Submitting Claim Forms. Class members who wish to receive their monetary share of the settlement distribution must send in a claim form, which must be received by the Settlement Administrator on or before _____, 2008.

SO ORDERED this ____ day of _____, 2008.


_____
Magistrate Judge Susan E. Cox

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| JEFFREY OLSZOWKA,<br>on behalf of himself and all others<br>similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| VILLAGE OF CHICAGO RIDGE, | )<br>) |
| Defendant. | )<br>) |

Hon. John A. Nordberg

Magistrate Judge Susan E. Cox

Case No. 07 CV 6115

## FINAL APPROVAL ORDER OF JUDGMENT OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request of Plaintiff and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated July 25, 2008.

The total number of Class Members is _____.

Notice was sent by first class mail to All Class Members at their last known mailing address using Accessible Contact Information.

A total of ___ Class Members requested exclusion from the Settlement.

A total of ___ Class Members objected to the Settlement.

A total of ___ Class Members timely sent in claim forms.

The Court being duly advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    Definitions.    For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated as of July 25, 2008, attached as Exhibit A to the Parties' Motion for Preliminary Approval.

2.    Notice. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3.    Final Approval. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

A.    The parties are directed to implement the Settlement in accordance with its terms.

B.    Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C.    The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.    Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

4.    Injunction. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5.    <u>Defendant's Denial of Liability</u>.  The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever.  Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6.    <u>Jurisdiction</u>.  The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant.  Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7.    <u>Attorneys' Fees</u>.  The Court awards to Class Counsel Attorneys' Fees and costs in the amount of $15,000, based upon Class Counsel's fees computed at their 2008 hourly rates. Defendant does not contest this award.

8.    <u>Entry of Judgment</u>.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this _____ day of _____, 2008.


_____
Magistrate Judge Susan E. Cox