**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

JEFFREY OLSZOWKA,                    )
on behalf of himself and all others  )
similarly situated,                  )
                                     )   Hon. John A. Nordberg
        Plaintiffs,                  )
                                     )   Magistrate Judge Susan E. Cox
    v.                               )
                                     )   Case No. 07 CV 6115
VILLAGE OF CHICAGO RIDGE,            )
                                     )
        Defendant.                   )

## FINAL APPROVAL ORDER OF JUDGMENT OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request of Plaintiff and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated July 25, 2008.

The total number of Class Members is 160.

Notice was sent by first class mail to 157 of the 160 Class Members at their last known mailing address using Accessible Contact Information.

A total of 0 Class Members requested exclusion from the Settlement.

A total of 0 Class Members objected to the Settlement.

A total of 23 Class Members timely sent in claim forms.

The Court being duly advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    Definitions.    For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated as of July 25, 2008, attached as Exhibit A to the Parties' Motion for Preliminary Approval.

2.    Notice.  The Court finds that the distribution of the Notice as provided for in the

Preliminary Approval Order constituted the best notice practicable under the circumstances to all

Persons within the definition of the Class, and fully met the requirements of Federal Rule of

Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the

United States Constitution, and any other applicable law.  In order to account for the three

entities to whom the Village could not locate to mail notice:  If any of these three entities do not

submit a claim or objection, each such entity will be included as a claimant in the final group of

class member claimants.  The amount due to each claimant will be determined including each

such entity in the total number of claimants.  The Village will then retain the amount due to each

of these three entities that did not submit a claim or objection and will pay that amount, without

interest, to each such entity should they ever seek to recover it from the Village.

3.    Final Approval.  The Court finds that the Settlement is fair, reasonable, and

adequate, and accordingly, the Court approves the Settlement and directs that the Parties

implement it, as follows:

    A.    The parties are directed to implement the Settlement in accordance with its terms.

    B.    Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

    C.    The Parties are to bear their own costs, except as otherwise provided in the Agreement.

    D.    Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

4.    Injunction.  The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5.    Defendant's Denial of Liability.  The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever.  Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6.    Jurisdiction.  The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant.  Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7.    Attorneys' Fees.  The Court awards to Class Counsel Attorneys' Fees and costs in the amount of $15,000, based upon Class Counsel's fees computed at their 2008 hourly rates.  Defendant does not contest this award.

8.    Entry of Judgment.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

- 3 -

SO ORDERED this _12th_ day of _November_____, 2008.


Magistrate Judge Susan E. Cox